FILED
SUPERIOR COURT
OF GUAM

2019 SEP -3 PM 4:29

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HAILLER HALLERS, | CIVIL CASE NO. CV0299-19 |
| PLAINTIFF | |
| v. | DECISION & ORDER RE PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM |
| YOUNG LEE AND TOM YOUNG, INC., | (GRCP 12(F) AND 12(B)(6)) |
| DEFENDANTS. | |
| YOUNG LEE AND TOM YOUNG, INC., | |
| THIRD PARTY PLAINTIFFS | |
| v. | |
| VICTOR PAULINO, CASSIDY'S ASSOCIATED INSURERS, INC., AND DOES I TO V, | |
| THIRD PARTY DEFENDANTS. | |

## Introduction

This matter is scheduled for a hearing on Plaintiff's Motion to Strike or Dismiss Defendant's counterclaim. Plaintiff Hailler Hallers is represented by Attorney John Bordallo Bell. Defendants are represented by Attorney Gary W.F. Gumataotao.[1] On September 3, 2019, the Court determined that oral argument was not necessary and issues this DECISION and

---

[1] Defendants brought a Third-Party Complaint against Victor Paulino and Cassidy's Associated Insurers, Inc. ("Third Party Defendants"), who are represented by Civille & Tang, PLLC. Third Party Defendants are not involved in this motion.

ORDER denying Plaintiff's Motion to Strike under GRCP 12(f), but granting its Motion to Dismiss pursuant to GRCP 12(b)(6).

## Background

This personal injury liability suit was filed by Plaintiff Mr. Hallers against his employer Tom Young Inc., a construction company, and against Mr. Young Lee, the company's president and manager. Plaintiff's complaint alleges that Defendants are liable for his personal injuries incurred while in the course and scope of his work with the construction company.

According to Plaintiff, on January 20, 2018, he was instructed to climb scaffolding at a jobsite managed by Defendant. A harness was not provided to Plaintiff and as he continued to perform the work required of his job he fell forward. Plaintiff claims he fractured his right shoulder and right wrist as a result of the fall. Plaintiff was seen by Dr. Daniel Hartmann at the Guam Memorial Hospital Emergency Room. Five days later or on January 25, 2018, Defendant Lee provided a signed statement admitting that Plaintiff was his employee and that he was injured at work on January 20, 2018. In the same letter, Defendant Lee also admitted that he would be responsible for all expenses incurred from treatment received at Dr. Arafiles' office. Defendant Lee also admitted he would provide Plaintiff temporary disability of $239.98/week until plaintiff is able to return to work. Defendant Lee may have made $6,000 in compensation payments until July 17, 2018, but according to Plaintiff he did not waive any claims.

Defendant's Answer raises intoxication as an affirmative defense and as a counterclaim. First, Defendant argues that he is not liable for further liability because Plaintiff was intoxicated at the time he was injured. Second, Defendant argues that Plaintiff is indebted $25,000 (for medical treatments and advance pay made by Defendant) claiming that Plaintiff is solely liable for his injuries, as his injuries were caused by his voluntary intoxication.

Plaintiff argues that this court should strike Defendant's counterclaim under GRCP Rule 12(f) arguing that Defendant's counterclaims and pleadings are not supported by sufficient evidence, and, further, that Defendant's counterclaim is redundant, immaterial, impertinent and/or scandalous. In the alternative, Plaintiff moves to dismiss the counterclaim under GRCP

Rule 12(b)(6) because of evidence provided indicating that Plaintiff was not intoxicated. Additionally, Plaintiff alleges that Defendants have pointed to no cognizable cause of action for which Plaintiff can be liable under the counterclaim.

Defendant opposes the Motion and argues summary judgment is not proper because Defendant's counterclaim of intoxication is a genuine issue of material fact.

<u>Discussion</u>

*A. Rule 12(f)- Motion to Strike*

GRCP Rule 12(f) is identical to FRCP Rule 12(f), therefore the court looks to therefore this court turns to cases which interpret and apply the principles of the federal rule for guidance. Sharrock v. McCoy, 2016 Guam 7, ¶ 75 (Guam Feb. 15, 2016).

A motion to strike under Rule 12(f) is the appropriate remedy to eliminate "any redundant, immaterial, impertinent, or scandalous matter." Ukau v. Wang, No. CIVIL CASE 11-00030, 2012 WL 1503325, at *1 (D. Guam Apr. 24, 2012); See also Fed.R.Civ.P. 12(f). The Ninth Circuit has defined "immaterial" as "that which has no essential or important relationship to the claim for relief." While also defining "impertinent matter" as those "consist[ing] of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993)(internal citations omitted), rev'd on other grounds, 510 U.S. 517 (1994). "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir.1992).

Here, under the definitions provided in Ukau v. Wang, supra, this Court finds that the counterclaim is neither immaterial and impertinent or scandalous. The nature of Plaintiff's intoxication plays an essential and important relationship to the claim for relief and pertains to the issues in question. Therefore, under Rule 12(f), Plaintiff's motion to strike is DENIED.

*B. Rule 12 (b)(6) - Motion to Dismiss for Failure to State a Claim*

GRCP Rule 12(b)(6) allows a plaintiff to assert in a responsive pleading or in a motion that the defendant failed to state a claim upon which relief could be granted. First

*Hawaiian Bank v. Manley*, 2007 Guam 2, ¶ 9. Dismissal under Rule 12(b)(6) is not proper unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Under this standard, this court must take as true the material facts alleged in the counterclaim, construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. Id. (internal citations omitted).

However, the counterclaim itself must meet the standard of a well pleaded complaint in order to survive a 12(b)(6) motion. Under GRCP Rule 8, a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader seeks. GRCP Rule 8. If any claim for relief does not survive the standard set by Rule 8, then it does not state a claim upon which relief can be granted. Thus, a motion to dismiss will be granted.

Under the Guam Code Annotated, every employer shall be liable for and shall secure payment to his employees of the compensation payable under relevant code. 22 GCA § 9105. Further, upon the initiative of the Commissioner or upon application of any party in interest, an award may be modified on the grounds of changed conditions. 22 GCA § 9123. However, such a modification "shall not affect any compensation previously paid." Id. Nowhere else in the Guam code is there a framework which grants an employer a right to reclaim compensation that has already been paid to the employee. *See* 22 GCA §§ 9101-45.

Defendant's counterclaim alleges that Plaintiff is indebted $25,000 for medical treatments and advance pay made by Defendant based on Plaintiff's voluntary intoxication. Defendant, however, fails to cite to a statute which permits this type of suit. Defendant asserts Plaintiff's intoxication as the basis for an affirmative defense as well as the counterclaim in question. While the issue may or may not present a genuine dispute of material fact that could be relevant for an affirmative defense, it alone does not provide the basis for a well pleaded counterclaim that survives scrutiny under GRCP Rule 8.

Simply stated, defendant cites no authority, whether legal or equitable, pursuant to which the asserted relief should be granted. On the contrary, 22 GCA § 9123 highlights that such a claim for reclamation of paid worker's compensation cannot stand in court. Defendant cannot assert the affirmative defenses of contributory negligence or assumption of risk as the basis for a counterclaim in order to retroactively deny workers compensation to the Plaintiff. There is no basis in law or equity for this claim of relief.

There is no claim upon which relief can be granted for the Defendant. Thus, the Plaintiff's motion to dismiss the Defendant's counterclaim pursuant to Rule 12(b)(6) is GRANTED.

### Conclusion

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Strike, but GRANTS the Plaintiff's Motion to Dismiss the Counterclaim.

SO ORDERED this _____ **SEP 03 2019** _____.


_____
**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
John Bell; Gumataotao & Pole; Civille & Tang
Date: 9|3|19 Time: 4:30pm

_____
Deputy Clerk, Superior Court of Guam

*Hallers v. Young*; CV0299-19
Decision & Order
Page 5 of 5